## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| CAMPION TAKURA MUGWENI, #36274-177, Plaintiff, | ) ) ) ) | |
| v. | ) ) | 3:08-CV-1524-G |
| WACHOVIA, INC., et al., Defendants. | ) ) ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a federal inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated within the Federal Bureau of Prisons at FCI Texarkana in Texarkana, Texas. Defendants are Wachovia, Inc., the Dallas Police Department, and Police Officers Jose Delacruz and John Doe.

The court did not issue process in this case pending preliminary screening. On October 14, 2008, the magistrate judge granted Plaintiff's motion to amend the complaint and issued a supplemental questionnaire to plaintiff, who filed his answers thereto on October 23, 2008.

Statement of Case: The amended complaint alleges that Wachovia falsely accused Plaintiff of cashing a fraudulent check, and conspired with the Dallas Police Department and two Dallas Police Officers to detain Plaintiff, and to search him and his car in violation of his Fourth

Amendment rights. Plaintiff seeks actual and punitive damages.

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and (b), which provide for *sua sponte* dismissal if the court finds that the complaint is "frivolous." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

Any claim against the Dallas Police Department is subject to dismissal at the screening stage. It is settled that a plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a police department is not a jural entity). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* Plaintiff's amended complaint fails to plead whether the Dallas Police Department has ever been granted the capacity to sue or be sued.

Accepting as true Plaintiff's allegations as to the alleged detention and search at the Wachovia branch in question, the Magistrate Judge concludes that Plaintiff has arguably raised a claim for illegal search and seizure under the Fourth Amendment.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims against the Dallas Police Department be DISMISSED with prejudice as frivolous under 28 U.S.C. §§ 1915A(b) and 1915(e)(2), and that service of process be ISSUED on Plaintiff's Fourth Amendment claims

against Defendants Wachovia and Dallas Police Officer Jose Delacruz.[1]

Since Plaintiff was previously granted leave to proceed *in forma pauperis*, the Court Clerk should be directed to prepare and issue summonses for Defendants Wachovia, Inc., and Officer Jose DelaCruz, and to deliver the same to the United States Marshal for service of process pursuant to Rule 4, Federal Rules of Civil Procedure, along with a copy of the amended complaint, Plaintiff's answers to the supplemental questionnaire, and the recommendation of the magistrate judge.

The referral of this case for pre-trial management will continue.

A copy of this recommendation will be transmitted to Plaintiff.

Signed this 2nd day of December, 2008.

                                               WM. F. SANDERSON, JR.
                                               UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[1] Service of process cannot be issued at the present time with respect to the unidentified Dallas Police Officer.