IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAMPION TAKURA MUGWENI, )<br>#36274-177, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>WACHOVIA, INC., )<br>      Defendant. ) | 3:08-CV-1524-G |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court filed on October 9, 2008, this cause has been referred to the United States Magistrate Judge for pretrial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

This is a *pro se*, *in forma pauperis* action brought by a federal inmate, Campion Takura Mugweni, pursuant to 42 U.S.C. § 1983.[1]

On October 14, 2008, Mugweni filed an amended complaint in this action, naming Wachovia, Inc., located at 15216 Montfort Drive, Dallas, Texas 75248, as a defendant, along with Officer Jose Delacruz. On January 5, 2009, the court issued process in this case on the

---

[1] Shortly after the filing of this action, Mugweni filed a complaint in state court against Wachovia Corp and two of its employees, Daniela Sinkoski and Ken Thompson, alleging breach of contract, fraud, breach of fiduciary duty and good faith fair dealing, and false imprisonment. *See Mugweni v. Wachovia Corp*, et al*., No. DC-08-11424* (44th Judicial District Court, Dallas County). The claims appear to arise from the same general course of events at issue in this case. On October 22, 2008, Ricardo Ortiz on behalf of Wachovia Corp, Sinkoski, and Thompson removed the state action to federal court, where it is presently pending. *See Mugweni v. Wachovia Corp.*, No. 3:08cv1889-L (N.D. Tex.).

claims against Wachovia, Inc., and Officer Delacruz.  Thereafter, on February 2, 2009, the Marshals Service attempted to effect service on Wachovia, Inc., by serving Richardo Ortiz in Dallas.[2]

On February 23, 2009, Ricardo Ortiz filed a motion to dismiss and/or alternatively for more definite statement on behalf of Wachovia, Inc.  (Doc. #30).  The motion described the factual background for this case, including the fact that it operated the banking center at the above location.  However, the motion further related that Wachovia, Inc., had never authorized him to accept service on its behalf.  *Id.* at 2; *see also* App. 21-22, Aff't of Ricardo Ortiz.  Accordingly, Wachovia, Inc., moved to dismiss under Rule 12(b)(4) and (5), of the Federal Rules of Civil Procedure.

On April 17, 2009, after reviewing Plaintiff's response to the motion to dismiss, and Wachovia's reply, the undersigned wrote to Mr. Ortiz informing him that in light of Plaintiff's *pro se* and *in forma pauperis* status, that service of process in this case was governed by more lenient rules.  In an effort to assist the Marshals Service in discharging its responsibility to properly effect service of process, the undersigned asked Mr. Ortiz to provide the name and address of the agent for service of process for the Wachovia branch at 15216 Montford Drive, Dallas, Texas 75248.  (*See* Attachment for April 17, 2009 letter).

Notwithstanding the representations made in the motion filed on February 23, 2009, which admitted that Wachovia, Inc., operated the banking location at 15216 Montford Drive, in his reply letter dated May 6, 2009, Mr. Ortiz informed the court that there was no legal entity

---

[2] In correspondence to the court filed on November 24, 2008, Plaintiff identified Ortiz as Wachovia, Inc.'s agent for service of process.

named Wachovia, Inc.  (*See* Attachment for May 6, 2009 letter).  Shortly thereafter, Plaintiff informed the court that the defendant's correct name was Wachovia Corp.  (*See* Attachment for Plaintiff Mugweni's letter).

In light of the above letters, the office of the undersigned contacted the Wachovia branch at 15216 Montford Drive to obtain the identity of the entity of which it was a part, and was informed that it was a branch of Wachovia Bank, National Association ("Wachovia Bank, NA"). As a result on June 2, 2009, the court ordered the Marshals Service to serve process on Wachovia Bank, NA, via its registered agent for service of process, Corporation Service Company, 701 Brazos Street, Suite 1050 Austin, Texas 78701.  On June 5, 2009, the Marshals Service personally served Wachovia Bank, NA, through its agent for service of process.  (*See* Return of Service, Doc. #41, filed June 10, 2009).  As of the date of this recommendation, Wachovia Bank, NA, has failed to file an answer or otherwise plead in this case.

Since service of process has been effected on Wachovia Bank, NA, and it is clear that Wachovia, Inc., is not a legal entity, the motion to dismiss filed on behalf of a non-existent corporate entity is moot and should be denied.  Plaintiff may wish to file a motion for default judgment against Wachovia Bank, NA, in light of its failure to answer or otherwise plead.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendant Wachovia, Inc's motion to dismiss (Doc. #30) be DENIED as moot.

A copy of this recommendation will be transmitted to Plaintiff, to Ricardo Ortiz at Bickerstaff Heath Delgado Acost LLP, 325 N. St. Paul, Suite 2100, Dallas, TX 75201, and to

counsel for Defendant Officer Delacruz.

    Signed this 6th day of August, 2009.

                                                                WM. F. SANDERSON, JR.
                                                        UNITED STATES MAGISTRATE JUDGE

## NOTICE

    In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT**