IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAMPION TAKURA MUGWENI, § | | |
| #36274-177, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:08-CV-1524-G | |
| § | | |
| WACHOVIA, INC., et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for pre-trial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Before the court are Plaintiff 's motion for leave to amend filed on October 29, 2009, Defendant Officer Delacruz's opposition filed on October 30, 2009, and Plaintiff's reply filed on November 23, 2009.

Plaintiff Campion Takura Mugweni (Mugweni), a *pro se* federal prisoner proceeding *in forma pauperis*, initially filed this action under 42 U.S.C. § 1983 stemming from events that occurred at a Wachovia Bank in Dallas, Texas, on March 28, 2007.[1] He alleged that Wachovia

---

[1] Mugweni, a citizen of Zimbabwe, is presently serving a sentence imposed in this district for violations of 18 U.S.C. § 286, for which he was sentenced to 66 months imprisonment, a three-year term of supervised release, and restitution to HSBC Taxpayer Financial Services, Santa Barbara Bank & Trust, and the Internal Revenue Service, victims of his fraudulent schemes, in the amount of $1,965,367.00.

Bank falsely accused him of cashing a fraudulent check, and that it conspired with Officer Jose Delacruz and a John Doe Officer to detain and search him and his car in violation of his Fourth Amendment rights. (Oct. 14, 2008 Am. Compl. (Doc. #13). Before issuing process the court inquired of Mugweni as to whether he wished to add Nomaququ Kanyangu, his girlfriend, as a co-plaintiff, but Mugweni declined to do so (*See* Docs. #15 and #16).

Shortly before filing this action, Mugweni and Kanyangu, filed a complaint in state court against Wachovia Corp and two of its employees, alleging breach of contract, fraud, breach of fiduciary duty and good faith fair dealing, and false imprisonment arising from the same events at issue in this case. *See Mugweni v. Wachovia Corp*, et al.*, No. DC-08-11424* (44th Judicial District Court, Dallas County). On October 22, 2008, defendants removed the state action to federal court on the basis of diversity jurisdiction. *See Mugweni v. Wachovia Corp.*, No. 3:08cv1889-L (N.D. Tex.). Thereafter, the court dismissed all claims against the defendants except for Mugweni's state tort claim of false imprisonment, and granted Kanyangu leave to amend to allege a state tort claim of false imprisonment. *Id.*, Ord. filed Apr. 28, 2009 (Doc. #20). Recently, the court dismissed Ms. Kanyangu without prejudice pursuant to Fed. R. Civ. P. 41(b) due to her repeated failure to file a certificate of interested parties. (Doc. #33).

In the present action, Mugweni was previously granted leave to file an amended complaint, but was denied leave to add his girlfriend, Ms. Kanyangu, as a plaintiff (Doc. #11). He filed his amended complaint on October 14, 2008, and thereafter process was issued. Officer Delacruz was served and filed an answer to the amended complaint on March 4, 2009. (Doc. #33). Summons was served on Defendant Wachovia Bank, National Association on June 5, 2009, and on August 7, 2009, the bank filed its answer to the amended complaint and motion to

dismiss and/or motion for more definite statement. On September 4, 2009, the court granted the bank's motion for more definite statement and ordered Mugweni to file a second amended complaint which complied with Rule 8(a) and 10. (Doc. #50). On October 29, 2009, Mugweni filed the present motion for leave to amend accompanied by his proposed amended complaint. (Doc. #55). He seeks to add Ms. Kanyangu as a co-plaintiff, and to add four Wachovia's employees as defendants – Daniela Sinkoski, Ken Thompson, Erica Tonnah, and Franklin McCrary.

Fed. R. Civ. P. 15(a)(2) provides: "A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice requires." Although leave to amend is to be freely given when justice so requires, denial of a motion for leave to amend is appropriate when the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962) (futility of amendment is adequate justification to refuse to grant leave to amend); *DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968). The decision whether to grant a motion to amend is generally left to the sound discretion of the district court. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

The fact that Mugweni filed a motion for leave to file an amended complaint was not on his own initiative, but as a result of this court's order permitting him – due to his *pro se* status – to file a final complaint stating his best case against the bank and the police officer after the bank sought dismissal or a more definite statement of his claims against it.

Instead of accepting the liberality of the court, Mugweni again seeks to add Ms. Kanyangu as a plaintiff – despite the fact that more than one year ago his request to add her as a plaintiff was denied. *See* Order filed on Oct. 14, 2008 (Doc. #11). The court notes that Ms.

3

Kanyangu has not tendered the required $350.00 filing fee with Plaintiff's motion to amend or made a proper showing of entitlement to proceed *in forma pauperis*,[2] and that although permitted to participate as a plaintiff in the related case, No. 3:08cv1889-L, she was recently dismissed as a party due to her repeated failure to comply with the local rules of this court.  If Ms. Kanyangu wishes to seek damages on her own behalf, then she should file her own case.  In short, the interests of justice do not require that she be added as a plaintiff in the present action at this late date.

Mugweni also seeks to add four bank employees as defendants stemming from the events at the Wachovia branch on March 28, 2007.  He complains about an "illegal search and seizure of the Plaintiff's . . . funds," and of being falsely accused of cashing a fraudulent check.

While the proposed second amended complaint mentions 42 U.S.C. § 1983, Mugweni's claims are unclear and very confusing.  None of the bank employees is a state actor, and Plaintiff has not pleaded a constitutional violation as to any of them.  *See Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (§ 1983 affords redress only for constitutional violations committed by a person acting under color of state law and does not ordinarily involve conduct of a private citizen).

Moreover, "a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run."  *Wilson v. U.S. Government,* 23 F.3d 559, 563 (1st Cir.1994) (quoting *Worthington v. Wilson,* 8 F.3d 1253, 1256 (7th Cir.1993); *See also, Jacobsen v. Osborne,* 133 F.3d 315, 321 (5th Cir. 1998).  "Rule 15(c) is designed to permit amendment where a 'misnomer,' 'mistake,' or 'misidentification' has occurred, not where an entirely new

---

[2]     *See also* The court's Nov. 5, 2008 letter to Mugweni.

defendant is being added who was not included in the original complaint." *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 3906760, at *6 (E.D.La. Aug. 26, 2008) *(emphasis added)* (citing *Jacobsen*, 133 F.3d at 321-22).

Nevertheless, even if the claims against the bank employees arise our of the same transaction or occurrence, the other requirements of Rule 15(c)(1)(C) for "relating back," relative to added parties, are not satisfied. Specifically, there is no indication that the newly named bank employees have received any notice of this lawsuit. When an amendment changes the party or the naming of the party against whom a claim is asserted, it relates back to the original pleading only if Rule 15(c)(1)(B) is satisfied and if, "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).[3]

Accordingly, Plaintiff's motion for leave to amend should be denied, and Plaintiff should be ordered to file a more definite statement in accordance with the September 4, 2009 order granting Wachovia's motion for more definite statement. (*See* Doc. #50). As noted in that order, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *see also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1953 (2009) (extending *Twombly* plausibility standard to all cases, not just anti-trust cases); *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200

---

[3] The court notes that two of the identified bank employees (Tonnah and Thompson) are already named as defendants in No. 3:08cv1889-L on the basis of alleged state tort violations stemming from the same course of events at issue in this case.

(2007) (per curiam) (addressing *Twombly* in the context of a *pro se* prisoner's complaint and concluding that prisoner had properly alleged that he suffered substantial harm under Rule 8(a)).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Mugweni's motion for leave to amend (Doc. # 55) be DENIED, and that he be ORDERED to file a more definite statement within twenty-one (21) days of the date of the district court's order.

Signed this 11th day of January, 2010.

*/s/ Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.